IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-20-D

| | | |
|---|---|---|
| BRIAN C. LEE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TOWN OF SEABOARD, | ) | |
| | ) | |
| Defendant. | ) | |

On March 30, 2013, Brian C. Lee, Sr. ("Lee") filed a complaint against the Town of Seaboard ("Town") [D.E. 1]. Lee seeks to recover damages under North Carolina law for injuries that he sustained after one of the Town's police officers, Harold Gray Phillips, Jr., shot him. See id.

On July 8, 2013, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Town moved to dismiss count four of Lee's complaint. See [D.E. 11]. In count four, Lee seeks to state a claim directly under the North Carolina Constitution. See [D.E. 11, 12].

On July 17, 2013, Lee filed an amended complaint, but did not materially alter count four. See [D.E. 13] 11. On August 2, 2013, Lee responded in opposition to the motion to dismiss. See [D.E. 16]. On August 13, 2013, the Town replied. See [D.E. 19].

In analyzing a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint is legally and factually sufficient to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A court need not accept a complaint's

"legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see Iqbal, 556 U.S. at 678–79. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79.

A "direct cause of action under the [North Carolina] Constitution is permitted only 'in the absence of an adequate state remedy.'" Davis v. Town of S. Pines, 116 N.C. App. 663, 675, 449 S.E.2d 240, 247 (1994) (quoting Corum v. Univ. of N.C., 330 N.C. 761, 782, 413 S.E.2d 276, 289 (1992)); see Craig ex rel. Craig v. New Hanover Cnty. Bd. of Educ., 363 N.C. 334, 338, 678 S.E.2d 351, 354 (2009). In Lee's complaint and amended complaint, Lee alleges three other claims under North Carolina law against the Town, including negligent use of excessive force, assault and battery, and negligent supervision. See [D.E. 1, 13]. Simply because the Town has asserted certain immunities or affirmative defenses in connection with these North Carolina tort claims or because Lee has not sued the police officer who allegedly shot and wounded him does not mean that Lee is permitted to pursue a direct claim under the North Carolina Constitution against the Town. See, e.g., Maney v. Fealy, No. 1:12CV800, 2013 WL 3779053, at *8–9 (M.D.N.C. July 18, 2013) (unpublished); J.W. v. Johnston Cnty. Bd. of Educ., No. 5:11-CV-707-D, 2012 WL 4425439, at *17 (E.D.N.C. Sept. 24, 2012) (unpublished); Edwards v. City of Concord, 827 F. Supp. 2d 517, 520–24 (M.D.N.C. 2011); Cooper v. Brunswick Cnty. Bd. of Educ., No. 7:08-CV-48-BO, 2009 WL 1491447, at *4 (E.D.N.C. May 26, 2009) (unpublished); Iglesias v. Wolford, 539 F. Supp. 2d 831, 838–39 (E.D.N.C. 2008); Rousselo v. Starling, 128 N.C. App. 439, 448–49, 495 S.E.2d 725, 731–32 (1998). Furthermore, the Town acknowledges that "it participates in a risk pool which, by law, would waive governmental immunity as to certain covered claims." [D.E. 19] 3 n.2 (citing

2

Defendant's Answer to Amended Complaint ¶¶ 8, 58). Thus, Lee has an adequate state remedy. Cf. Craig ex rel. Craig, 363 N.C. at 335–36, 678 S.E.2d at 353 (permitting direct claim under North Carolina Constitution to proceed where "the doctrine of sovereign immunity defeats plaintiff's common law negligence claim because the [defendant] does not carry insurance that would cover these claims and, thus, has never waived its immunity for the alleged injury") (footnote omitted); White v. Cochran, No. COA13-155, 2013 WL 4442285, at *5–8 (N.C. Ct. App. Aug. 20, 2013) (discussing waiver of governmental immunity via purchase of liability insurance). Accordingly, the Town's motion to dismiss count four is granted.

In sum, the court GRANTS defendant's motion to dismiss count four [D.E. 11], and count four in the amended complaint is DISMISSED. Because the materials adequately describe the legal issues, plaintiff's motion to file a sur-reply [D.E. 20] is DENIED.

SO ORDERED. This 17 day of October 2013.

JAMES C. DEVER III
Chief United States District Judge

3