IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:13-CV-20-D

| BRIAN C. LEE, SR. | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | PROTECTIVE ORDER |
| vs. | ) | |
| | ) | |
| THE TOWN OF SEABOARD, | ) | |
| | ) | |
| Defendant. | ) | |

On motion of the Plaintiff (DE-31) and with consent of the Defendants, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Order:

This Order governs the handling and disclosure of all materials sought, produced, given, or filed herein by the parties and designated as "CONFIDENTIAL." For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, medical records, personnel information which is confidential pursuant to N.C. Gen. Stat. §§ 153A-98or 160A-168. Accordingly, IT IS HEREBY ORDERED THAT:

1. "CONFIDENTIAL INFORMATION" as used herein means:

   a. All information and documents made confidential by N.C. Gen. Stat. §§ 153A-98, or 160A-168;
   b. Any documents or information which are contained in a personnel file maintained by any party;
   c. Medical records; and
   d. All information and documents made confidential by N.C. Gen. Stat. § 132-1.4.

2. The documents and information produced by any parties or non-parties that contain confidential information shall be marked "CONFIDENTIAL." The confidential documents shall be disclosed only for official use in this action, and for no other purpose.

3. The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

   a. The Court;
   b. Counsel for the parties to this action, their legal assistants and other staff members and employees;
   c. Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;
   d. Court reporters or videographers engaged to record depositions, hearings or trials in this action; and
   e. Outside companies engaged by counsel for the parties to photocopy such documents.

4. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

   a. Any person described in subparagraphs 3(a), (b), (d), and (e) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;
   b. Prior to making disclosures to any person set forth in subparagraph 3(c) of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by the this Order. The parties shall obtain from such persons a written statement in the form of Exhibit A, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained. All CONFIDENTIAL INFORMATION, and any documents containing

information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

5. The production or disclosure of CONFIDENTIAL MATERIALS pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

6. No CONFIDENTIAL DOCUMENTS produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

7. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case. In addition, any party is entitled to challenge, through an appropriate Motion to the Court, any designation herein by any other party at any time during this litigation.

8. The inadvertent, unintentional or *in camera* disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

9. Within fifteen (15) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all confidential documents produced pursuant to this Order (including all copies of the same) to the party producing said documents or shall destroy the same with a written certification by the party's counsel of record that all such documents and

copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order.

10. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Monday, April 14, 2014.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# UNDERTAKING TO BE BOUND

I, _____, declare as follows:

I acknowledge receipt of a copy of the Protective and Production Order (the "Protective Order") dated _____, 2014 in *Lee v. Town of Seaboard* filed in the United States District Court for the Eastern District of North Carolina, Northern Division, Case No. 2:13-CV-20-D, and agree that I:

(1) will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order;

(2) will not reveal any information provided to me under the terms of this Protective Order to anyone other such persons designated in paragraph 3 of this Order; and

(3) will utilize such confidential information solely for purposes of this litigation.

I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____, 201__

_____ Signature

_____ Printed Name

_____ Address

_____

_____ Position