UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Civil Action No. 2:13-CV-20-D

| | |
|---|---|
| BRIAN C. LEE, )<br>)<br>Plaintiff; )<br>)<br>v. )<br>)<br>TOWN OF SEABOARD, )<br>)<br>Defendant. ) | **ORDER** |

This matter came on for hearing before the undersigned United States Magistrate Judge Kimberly A. Swank on 12 September 2014, upon the Motion to Compel [DE 38] filed by plaintiff on 5 July 2014 which was responded to by defendant on 25 July 2014 [DE 43]; Eric L. Doggett appeared and argued for the plaintiff, and Kari R. Johnson appeared and argued for the defendant; and

It appearing to the Court that plaintiff's Motion to Compel involves discovery responses served by defendant on 13 December 2013 wherein defendant indicated that it could not produce various information, including personnel information regarding Sgt. Harold Phillips, without a court order pursuant to N.C. Gen. Stat. § 160A-168 and § 132-1.4. And, it further appearing to the Court that prior to the hearing herein, defendant did not move for the entry of a protective/ production order concerning the documents referred to herein but did consent to the entry of a court order allowing the production of personnel information concerning Sgt. Harold Philips as is indicated in plaintiff's Motion dated 28 March 2014 [DE 31]. It further appearing that plaintiff moved for a protective/production order which was granted in part on April 14, 2014 and a protective order was entered [DE 34], however his motion was denied to the extent that he

sought an order to produce. [DE 33] It further appearing to the Court that defendant has not supplemented its discovery responses based on its continued N.C. Gen. Stat. § 160A-168 and § 132-1.4 confidentiality objections and that plaintiff and defendant were not able to otherwise agree on the completeness of defendant's discovery responses; specifically, defendant's Responses to Plaintiff's Interrogatory Nos. 1, 2, 6 and 7 and defendant's Response to Plaintiff's Request for Production of Documents No. 1; and

It further appearing to the Court that good grounds exist for the entry of a court order allowing the production of personnel information concerning Sgt. Harold Phillips and all criminal investigative reports, if any, in defendant's possession concerning the incident referred to the Complaint, and that plaintiff's Motion to Compel should otherwise be allowed as specifically set forth herein:

IT IS HERBY ORDERED AS FOLLOWS:

1. That on or before September 29, 2014, defendant Town of Seaboard shall supplement its interrogatory responses and more specifically identify, without objections, all documents responsive to plaintiff's Interrogatories 1, 2, and 7 based on all information within defendant's control or known by any of its agents by listing or otherwise identifying all responsive documents.

2. That on or before September 29, 2014, defendant Town of Seaboard shall produce all such documents responsive to plaintiff's Document Request 1 that are in its possession, custody or control or by specifically noting that no such documents exist and/or that they cannot be located by defendant after a reasonable search of all sources reasonably likely to contain responsive documents.

3. In the event that defendant intends to withhold production of any responsive documents; defendant shall prepare and include in its responses a privilege log setting forth the identity of all documents, if any, being withheld and the basis for the objection.

4. Defendant does not have to produce the items from said personnel file previously agreed upon by counsel for the parties as not being relevant to the issues in this case (said specific items, which include tax withholding and similar type information, noted in the e-mail communications attached to plaintiff's Motion to Compel in DE 38]).

5. In the event that responsive documents are contained in any other documents or materials already produced or obtained in discovery (such as the SBI Report), the location of said documents shall be specifically identified in defendant's supplementary interrogatories responses.

6. Said production and further use and disclosure of said information shall be in accordance with the Protective Order previously entered in this case [DE 34].

SO ORDERED, this the 23rd day of September, 2014.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge